In re NETTIE LEE SHOPS OF
BRISTOL, INC., Debtor.

Josie Lee REILLY and Nettie Lee
Shop of Kingsport, Inc.,
Plaintiffs,

v.

NETTIE LEE SHOPS OF BRISTOL,
INC. and James D. Wells,
Defendants.

Bankruptcy No. 7–85–00255–A.
Adv. No. 7–85–0111.

United States Bankruptcy Court,
W.D. Virginia,
Abingdon Division.

June 11, 1985.

Fred M. Leonard, Bristol, Tenn., and Sondra K. Alan, Bristol, Va., for debtor/defendants.

Michael D. Stice, Kingsport, Tenn., and Suzanne K. Fulton, Big Stone Gap, Va., for plaintiffs.

MEMORANDUM OPINION
AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

This controversy arises out of a motion for relief from the stay of § 362 in this Chapter 11 case filed by Nettie Lee Shop of Kingsport, Inc. and chief stockholder seeking relief from the stay to permit the institution and prosecution of a complaint in the state courts of Tennessee against the Debtor, Nettie Lee Shops of Bristol, Inc. and its sole stockholder, James D. Wells, for the purpose of obtaining an injunction against the Debtor and injunction and damages against the sole stockholder for the alleged improper use of the name "Nettie Lee Shop".

Upon hearing, it appeared from the record and statements of counsel that in 1960, the Reilly family owned a ladies' apparel store in Kingsport, Tennessee with the corporate name of Nettie Lee Shop of Kingsport, Inc., a Tennessee corporation. The name "Nettie Lee Shop" had been used for a number of years in that area prior to 1960 when one John Miller acquired joint interest with the Reillys in several shops in eastern Tennessee and southwestern Virginia, one of which was the Debtor herein, which operates in Bristol as a Virginia corporation.

The parties operated the shops jointly until February, 1966, when there was an apparent parting of the ways between the Reillys and Miller, resulting in a contract entered into by the parties individually and the corporate entities listed therein as Nettie Lee Shop of Kingsport, Inc., Nettie Lee Shop of Johnson City, Inc., Nettie Lee Shop of Bristol, Inc., and Nettie Lee Shop of Greenville, Inc. The substance of the agreement divided the stock ownership of the various entities between the Reillys and Miller. The Reillys retained Nettie Lee Shop of Kingsport, Inc. and Nettie Lee Shop of Johnson City, Inc. Miller retained Nettie Lee Shop of Bristol, Inc. and Nettie Lee Shop of Greenville, Inc.

Other provisions of the contract dealt with the termination of a 1960 contract, distribution of accounts receivable, non-competition covenant between the parties and, in ¶ 8 under the heading "corporate names", the contract provided as follows:

"8. CORPORATE NAMES:

8.1. Nettie Lee Shop of Bristol, Inc. and Nettie Lee Shop of Greenville, Inc. shall have the right to use the corporate name for so long as Miller, his wife, his children, or the spouses of his children, shall own fifty-one per cent (51%) or more of the issued and outstanding capital stock of Nettie Lee Shop of Bristol, Inc. and Nettie Lee Shop of Greenville, Inc.

"8.2. If Miller, his wife, his children, or the spouses of his children, individually or collectively, shall own less than fifty-one per cent (51%) of the issued and outstanding capital stock of Nettie Lee Shop of Bristol, Inc. and/or Nettie Lee Shop of Greenville, Inc., then and in such event, the parties agree that the corporate name of said corporations shall be changed so as to eliminate therefrom the words 'Nettie Lee Shop'."

In 1983, upon the death of Miller, the capital stock of the Debtor was acquired by James D. Wells, who currently is the owner of said capital stock of the debtor corporation.

The Reillys and Nettie Lee Shop of Kingsport, Inc. seek relief from the stay to permit state court proceedings in Tennessee to obtain against the debtor corporation injunctive relief prohibiting the use of the "trade name" "Nettie Lee Shop". The Debtor opposes granting relief from the stay for the reason that this Court has jurisdiction to hear any claim the parties may have against the debtor corporation.

The Reillys and Nettie Lee Shop of Kingsport, Inc. contend that this Court has no jurisdiction to litigate and determine the issue as to whether or not "Nettie Lee Shop" should be permitted to be used by the debtor corporation since the trade name is registered in the State of Tennessee and the rights thereunder arise under Tennessee statutes and, therefore, under the Su-preme Court decision of *Northern Pipeline Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), this is a non-core proceeding involving state law and, therefore, this Court is without jurisdiction to hear and determine same.

Although the contract referred to herein was dated February 14, 1966, there was attached as an exhibit to the motion a certificate issued by the Secretary of State of Tennessee granting to Nettie Lee Shop of Kingsport, Inc. the right to a trademark, "the Nettie Lee Shop, Inc.", which was issued on August 12, 1977, more than eleven (11) years after the date of the contract.

The threshhold question to be decided is whether or not under the factual circumstances prevailing, this Court has jurisdiction to hear and determine the issue surrounding the Debtor's name and the use of the "trade name" in question.

It is acknowledged by the parties that the use of the trade name in the area wherein the Debtor operates has value and, therefore, represents an asset or property of the estate of the Debtor.

11 U.S.C. § 541(a)(1) defines property of the estate in the broadest of terms, as follows:

"... [A]ll legal or equitable interest of the debtor in property as of commencement of the case."

Since the parties acknowledge the use of the name as a valuable trade name beneficial to this Debtor, there is little question that this use constitutes property within the broad definition of § 541.

In this District, as is universally true throughout the federal bankruptcy system, the District Court has entered an Order of Reference pursuant to 28 U.S.C. § 157(a) referring to this Court all matters as recited therein. If a matter is a "core proceeding", then this Court has full jurisdiction to hear and determine the issues as defined in § 157. 28 U.S.C. § 157(b)(2) defines "core proceedings" thusly:

"Core proceedings include, but are not limited to—(M) Orders approving the use

or lease of property, including the use of cash collateral;"

The trade name in issue is property of this Debtor, and sub-section (M) defines as a core proceeding Orders of this Court permitting the use of debtors' property. The issue framed and sought to be enforced in the state court of Tennessee directly involves the Debtor's use and property rights to the trade name in question. 11 U.S.C. § 105 vests in this Court the power to issue Orders and render judgment which may be necessary and appropriate in the administration of the Debtor's case. This power includes jurisdiction to determine the appropriate right to use the trade name in question or to be prohibited from doing so by terminating the Debtor's right to so do as the facts may appear upon a full hearing and consideration of the issues.

28 U.S.C. § 1334(c)(2) provides for abstention where a cause of action as claimed herein is related only to the case, does not arise under Title 11, or arises in the case and is a non-core proceeding. That is the statutory provision which accomodates the Supreme Court decision in *Northern Pipeline Co., supra.* Here, we have a core proceeding defined as herein set forth as such and, accordingly, vests in this Court full jurisdiction to hear and resolve the issue presented.

Accordingly, after mature consideration of the facts and circumstances, as well as the applicable law set forth herein, the Court concludes that the issue involves a core proceeding as to the Debtor's use of property claimed as a matter of right by the Debtor pursuant to 28 U.S.C. § 157(b)(2)(M). Relief from the stay is accordingly ORDERED denied.

The parties may file such pleadings in this Court as may be deemed appropriate to bring before the Court the issues involved, and the within motion which is set forth as Adversary Proceeding No. 7–85–0111 is ORDERED dismissed.

Service of a copy of this Memorandum Opinion and Order shall be made by mail to the Debtor/Defendant; Debtor's Attorneys; and to Counsel for Plaintiffs.