**WILLS MOTORS, INC., Plaintiff,**

v.

**VOLVO NORTH AMERICA CORPORATION, Defendant.**

**Civ. A. No. 91 CV 2322 (GLG).**

United States District Court, S.D. New York.

July 19, 1991.

---

Michael R. Gottlieb, Middletown, N.Y., and Kase & Druker, Garden City, N.Y., for Wills Motors, Inc.

Pitney, Hardin, Kipp & Szuch, Morristown, N.J., and William E. Bandon, P.C., White Plains, N.Y., for defendant Volvo North America Corp.; Frederick L. Whitmer, Pitney, Hardin, Kipp & Szuch, Morristown, N.J., of counsel.

## ORDER WITHDRAWING THE REFERENCE TO THE BANKRUPTCY COURT

GOETTEL, District Judge.

This matter having been opened to the Court upon application of William E. Bandon, P.C., attorney for defendant Volvo North America Corporation and Pitney, Hardin, Kipp & Szuch (Frederick L. Whitmer, Esq.) of Counsel, for an Order withdrawing the reference of the above-captioned matter to the United States Bankruptcy Court for the Southern District of New York; and the Court having reviewed the papers submitted in support of and in opposition to the motion and having heard the arguments of counsel, and good cause having been shown;

IT IS on this 19th day of July, 1991;

ORDERED that this action, captioned *Wills Motors, Inc. v. Volvo North America Corporation,* Civil Action No. 91 CV 2322 (GLG) having been referred to the United States Bankruptcy Court for the Southern District of New York in the matter of *In re Wills Motors, Inc.,* Docket No. 91 B 20698, is hereby withdrawn from the United States Bankruptcy Court for the Southern District of New York and returned to the United States District Court for the Southern District of New York; and

IT IS FURTHER ORDERED that the Clerk of the Bankruptcy Court shall forthwith transmit all pleadings and papers filed in this matter to the Clerk of the United States District Court for the Southern District of New York in White Plains, New York.

IT IS FURTHER ORDERED that a copy of this Order shall be served upon all counsel of record within seven (7) days of the date hereof.

SO ORDERED.

REPORT AND RECOMMENDATIONS

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

By order dated June 19, 1991, the United States District Court for the Southern District of New York has referred to this court to report and recommend whether the above-captioned action should be returned to the district court or retained in the bankruptcy court. The case originated in the New York Supreme Court and was removed by the defendant to the United States District Court for the Southern District of New York, before the debtor, Wills Motors, Inc., filed its Chapter 11 petition with this court. On May 10, 1991, the debtor removed its action against Volvo to this court. Thereafter, the defendant, Volvo North American Corporation ("Volvo"), moved in the district court for a withdrawal of the reference or a remand of its lawsuit with the debtor to the district court.

*Factual Background*

The debtor is an automobile dealer holding a franchise agreement with Volvo. The latest franchise agreement, called a "Sales Agreement", was executed on July 13, 1982. The Volvo Sales Agreement sets forth the rights and obligations of the parties. Pursuant to this Sales Agreement, the Volvo dealers are required to comply with proper warranty submissions procedures in connection with promoting the sale and servicing of Volvo automobiles.

The Sales Agreement authorizes Volvo to conduct warranty compliance audits to assure that dealers comply with Volvo's warranty procedures. Volvo conducted a review of the debtor's sales activities in 1987 and concluded that the debtor had submitted improper warranty claims, for which Volvo demanded reimbursement. Thereafter, Volvo conducted additional reviews pertaining to the debtor's sales practices in the following three years, which resulted in Volvo's demand for additional reimbursement for alleged improper warranty claims.

Volvo asserted that the debtor overcharged Volvo for warranty claims for at least two years and demanded reimbursement from the debtor, which was refused. Accordingly, Volvo notified the debtor that it was in material breach of the Sales Agreement and that in accordance with Paragraph IV, Clause 25(c)(1), the debtor was given 60 days to cure all breaches. The breaches set forth in the notice to the debtor asserted improper warranty claims, failure to promote sales of Volvo automobiles, inability to service vehicles properly, questionable business practices and the debtor's precarious financial position.

On March 27, 1991, the debtor filed an Order to Show Cause with Preliminary Restraints in the New York Supreme Court, Westchester County, to enjoin the termination of the Volvo Sales Agreement. The debtor also filed a verified complaint against Volvo seeking an injunction and $75,500.00 in damages, claiming that Volvo violated New York Vehicle & Traffic Law § 461 *et seq.* and the Federal Automobile Dealers Day in Court Act, 15 U.S.C. § 1221, *et seq.* The debtor also demanded a jury trial. On April 4, 1991, Volvo removed the action from the state court to the United States District Court for the Southern District of New York.

On May 9, 1991, the debtor filed with this court its petition for reorganizational relief under Chapter 11 of the Bankruptcy Code and continues to operate and manage its business and property as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108. On May 10, 1991, the debtor removed its action against Volvo to this court for determination. Volvo then moved in the district court pursuant to 28 U.S.C. § 157(d) for a withdrawal of the reference or a remand to the district court pursuant to Bankruptcy Rule 9027(e). The district court, in turn, referred the issue to this court for recommendations before determining whether or not to withdraw the reference.

*Recommendations*

Volvo removed the debtor's state court action in New York to the district court in New York because federal jurisdiction existed either because of diversity of citizen-

ship or because it implicated a federal statute, namely the Federal Automobile Dealers Day in Court Act, 15 U.S.C. § 1221 *et seq.* Thereafter, the debtor removed the action to the bankruptcy court of the United States District Court for the Southern District of New York, pursuant to Bankruptcy Rule 9027 after it filed its Chapter 11 petition. It makes no difference whether the proceeding for a determination in the district court is called a remand or a withdrawal of the reference because the result is the same. Under either theory, if Volvo's motion is granted, the action would be returned to the district court in this district, which originally refers all bankruptcy cases to this court pursuant to 28 U.S.C. § 157(a).

The controlling substantive statute with respect to remand is 28 U.S.C. § 1452(b), which deals with the remand of actions originally removed under 28 U.S.C. § 1452(a). However, this section is captioned: "District Courts; Removal of Cases from State Courts." Although the instant case was originally removed from a state court to the district court, it was subsequently removed from the district court to the bankruptcy court. Bankruptcy Rule 9027(e) and 28 U.S.C. § 1452(b) apply to removals and remands from and to state courts and are not the basis for a remand from the bankruptcy court to the district court, of which the bankruptcy court is a unit. *See Helena Chemical Co. v. Manley,* 47 B.R. 72, 75 (Bankr.D.Miss.1985). Because this court is a unit of the district court, the debtor's adversary action was already pending in the district court when it filed its Chapter 11 petition. A remand to the district court is logically impossible. *See In re Blackman,* 55 B.R. 437, 440 (Bankr.D.C.1985). Therefore, the issue must be resolved in the context of a motion for the withdrawal of the reference.

■ Initially it should be noted that the automatic stay does not apply in this case because 11 U.S.C. § 362(a) enjoins the commencement or continuation of all litigation *against* a debtor based on prepetition claims. In the instant case the action was brought by the debtor as the plaintiff

against the defendant Volvo. The Second Circuit Court of Appeals has held that the automatic stay even binds a debtor who "may not wave the automatic stay." *Commerzanstalt v. Telewide Systems, Inc.,* 790 F.2d 206, 207 (2d Cir.1986). However, this language was expressed in the context of a law suit where the debtor was the defendant and sought to appeal an adverse decision. When an action is commenced against a debtor as a defendant, the automatic stay applies to all proceedings thereafter, including appeals by the debtor in order "to protect creditors as well as the debtor" with respect to post-petition litigation involving a defendant debtor. *Id.* In the instant case, the debtor is the plaintiff in the action and, therefore, does not seek the protection afforded by the automatic stay.

### Core or Noncore

The first step in deciding whether the reference should be withdrawn is to determine if the debtor's action is a core proceeding in accordance with 28 U.S.C. § 157(b)(2), or a noncore proceeding, as referred to in 28 U.S.C. § 157(c)(1). The debtor reasons that its action against Volvo is a core proceeding because the franchise which Volvo seeks to terminate is a substantial property of the debtor's estate. Therefore, the debtor maintains that disputes concerning franchises and trade names are core proceedings because they involve the use of property of the estate, citing *In re Vylene Enterprises, Inc.,* 63 B.R. 900, 903–905 (Bankr.C.D.Cal.1986) and *In re McCallen,* 49 B.R. 946, 948 (Bankr. W.D.Va.1985). Apparently, the debtor wishes to cite *In re Nettie Lee Shops of Bristol, Inc.,* 49 B.R. 946, 948 (Bankr. W.D.Va.1985) and not the *McCallen* case, which follows the *Nettie Lee Shops* case in the West Reporter.

Both the *Vylene* and the *Nettie Lee Shops* cases hold that a debtor's use of a trade name is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(M), which defines a core proceeding to include "orders approving the use or lease of property, including the use of cash collateral." Firstly, the debtor in the instant case does

not use a franchise as one would use a trade name; the debtor operates under the Volvo franchise, but does not use it. In any event, this court disagrees with the conclusions in the *Vylene* and *Nettie Lee Shops* cases because 28 U.S.C. § 157(b)(2)(M) relates to a proceeding where an order is proposed to the court calling for the approval of the use or lease of property pursuant to 11 U.S.C. § 363. In neither case cited by the debtor, nor in the instant case, was there any proceeding calling for an order approving the use or lease of property. In the *Vylene* and *Nettie Lee Shops* cases the courts were asked to issue an injunction prohibiting the debtor's use of a trade name rather than approve an order pursuant to 11 U.S.C. § 363 for the debtor's use or lease of property. More significantly, on appeal, the district court in the *Vylene* case vacated the judgment of the bankruptcy court and held "that the adversary proceeding filed by *Vylene* was not a core proceeding within the definition of 28 U.S.C. Sec. 157(b) at the time the bankruptcy court entered judgment." *In re Vylene Enterprises, Inc.,* 122 B.R. 747, 754 (C.D.Cal.1990).

■ Manifestly, an action for breach of a franchise agreement which is based solely on state law contract and tort theories, as well as state and federal statutory rights, does not invoke any substantive right created by federal bankruptcy law and cannot be considered core in nature, but is related to a case under title 11. *In re Pratincole Co., Inc.,* 1991 U.S.Dist. Lexis 7844 (W.D.Mich.1991); *In re JRT, Inc.,* 1991 U.S.Dist. Lexis 7888 (W.D.Mich.1991).

*Mandatory Withdrawal of the Reference*

The subject of mandatory withdrawal of the reference is governed by 28 U.S.C.

§ 157(d), which states in relevant part as follows:

> The district court *shall,* on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. (Emphasis added).

There is no dispute that Volvo's motion for withdrawal was timely. Moreover, the debtor's First Cause of Action in its complaint charges that "Volvo's conduct is illegal under 15 U.S.C. 1222, *et seq.*", which gives an automobile dealer a right to sue an automobile manufacturer for failure to act in good faith with respect to a franchise, including "terminating, canceling, or not renewing the franchise with said dealer." [1] Thus, resolution of the debtor's action against Volvo "requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce," as required for mandatory withdrawal of the reference as expressed in 28 U.S.C. § 157(d).

The standard for mandatory withdrawal of the reference requires more than merely considering non-Code federal statutes in determining the adversary proceeding because Congress did not wish 28 U.S.C. § 157(d) to become an escape hatch through which most bankruptcy matters will be removed to the district court. *In re White Motor Corp.,* 42 B.R. 693, 704 (N.D.Ohio 1984). Withdrawal is mandatory only when substantial and material consideration of non-Code federal statutes is necessary for the resolution of a case or proceeding. *Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, Inc.,* 107 B.R. 34, 37–39 (D.Del.1989); *In re Rubin Broth-*

---

1. **§ 1222. Authorization of suits against manufacturers, amount of recovery; defenses.**

An automobile dealer may bring suit against any automobile manufacturer engaged in commerce, in any district court of the United States in the district in which said manufacturer resides, or is found, or has an agent, without respect to the amount in controversy, and shall recover the damages by him sustained and the cost of suit by reason of the failure of said automobile manufacturer from and after August 8, 1956 to act in good faith in performing or complying with any of the terms or provisions of the franchise, or in terminating, canceling, or not renewing the franchise with said dealer: *Provided,* That in any such suit the manufacturer shall not be barred from asserting in defense of any such action the failure of the dealer to act in good faith.

ers Footwear, Inc., 73 B.R. 346, 350–352 (S.D.N.Y.1987); In re I.Q. Telecommunications, Inc., 70 B.R. 742, 745–746 (N.D.Ill. 1987); In re Combustion Equipment Assocs., Inc., 67 B.R. 709, 711–712 (S.D.N.Y.1986); In re Johns–Manville, Corp., 63 B.R. 600, 602 (S.D.N.Y.1986); In re White Motor Corp., 42 B.R. at 703–704. "Therefore, if a case meets section 157(d)'s standard as interpreted above, the district court is required to grant a party's request for mandatory withdrawal." (Emphasis added). In re Combustion Equipment Assocs., Inc., 67 B.R. at 712.

▮ In the instant case, the Bankruptcy Code is implicated in deciding whether or not the debtor's interest in the Volvo franchise is still property of the estate within the meaning of 11 U.S.C. § 541. Volvo claims that it terminated the franchise before the debtor filed its Chapter 11 petition. The debtor argues that it still retains sufficient interest in the franchise as to warrant protection as property of the estate. Additionally, the debtor's action against Volvo, as set forth in the First Cause of Action in the complaint is bottomed on Volvo's alleged violation of the Federal Automobile Dealers Day in Court Act, 15 U.S.C. § 1221 et seq. Accordingly, substantial and material consideration must be given to this federal statute regulating activities affecting interstate commerce, which invokes the concept of mandatory withdrawal within the meaning of 28 U.S.C. § 157(d). Even if Volvo failed to seek mandatory withdrawal, the district court would, nevertheless, be required to withdraw the debtor's action. "Moreover, a party's failure to invoke the mandatory withdrawal provisions of Section 157(d) does not preclude the District Court from withdrawing a case sua sponte." National Labor Relations Board v. Goodman (In re Goodman), 873 F.2d 598, 604 (2d Cir. 1989).

*Permissive Withdrawal of the Reference*

▮ Even if mandatory withdrawal did not apply, permissive withdrawal would be appropriate in accordance with 28 U.S.C. § 157(d), which states in relevant part:

(d) The district court may withdraw, in whole or in part, any case or proceeding referred in this section, on its own motion or on timely motion of any party, for cause shown. (Emphasis added).

In the instant case, the debtor has commenced a noncore proceeding against Volvo in which the debtor has demanded a jury trial. Although injunctive relief is also sought, there is a claim for money damages in the sum of $75,500.00 set forth in the First Cause of Action in the debtor's complaint. Although there is a division in the Circuit Courts as to whether or not a bankruptcy judge may try a jury case, there is total unanimity that a bankruptcy judge may not conduct a jury trial in a noncore case. In re Ben Cooper, Inc., 896 F.2d 1394 (2d Cir.1990), cert. granted — U.S. ——, 110 S.Ct. 3269, 111 L.Ed.2d 779 (1990), vacated and remanded — U.S. ——, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), superceded 924 F.2d 36, (2d Cir.1991), cert. denied — U.S. ——, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991); In re Cinematronics, Inc., 916 F.2d 1444, 1451 (9th Cir.1990); Beard v. Braunstein, 914 F.2d 434, 445 (3rd Cir.1990); Kaiser Steel Corporation v. Frates (In re Kaiser Steel Corp.), 911 F.2d 380, 389–392 (10th Cir.1990); In re United Missouri Bank of Kansas City, N.A., 901 F.2d 1449, 1454–1457 (8th Cir. 1990); See In re J.T. Moran Financial Corp., 124 B.R. 931, 939–940 (S.D.N.Y.1991).

In a noncore proceeding involving a breach of a franchise contract, where a jury trial was demanded, the court in In re Pratincole Co., Inc., 1991 U.S.Dist. Lexis 7844 (W.D.Mich.1991) concluded that the withdrawal of the reference would also serve judicial economy because a bankruptcy court cannot enter a final judgment in a noncore case in that it is subject to de novo review, which is inconsistent with the parties' right to a jury trial.

For the same reason, the reference in the instant noncore proceeding should be withdrawn in the interests of judicial economy because a de novo review is available in the district court and because a bankruptcy

judge may not conduct a jury trial in a noncore proceeding.

The mere combination of a noncore adversary proceeding and a jury demand has been found to be sufficient cause for permissive withdrawal of the reference.

The bankruptcy judge is required to make proposed findings and conclusions of law to the district court. There is no evidence in the legislative history that Congress intended to change the jury practices as they now are in the district courts to require a jury to make extensive findings of fact. Furthermore, the provisions for *de novo* review seem incompatible with the concept of a right to a jury trial. If a jury must find on all issues, then a judge cannot reverse their findings. Instead, if the district court judge decides to reject any findings of fact, it would seem that he must submit the disputed issues to yet another jury. *See Matter of Rede, Inc.,* 60 B.R. 178, 182 (Bankr.N.D.Ill.1986); *In re Shaford Companies, Inc.,* 52 B.R. 832, 837 (Bankr.D.N.H.1985); *In re Smith–Douglass, Inc.,* 43 B.R. 616 (Bankr. E.D.N.C.1984). *But see In re Price–Watson Co.,* 66 B.R. 144, 15 B.C.D. 72 (Bankr.S.D.Tex.1986). Such a course would appear to waste judicial resources. Since the procedures governing non-core proceedings are antithetical to a Congressional intent to authorize jury trials in such proceedings and in the absence of any direct authorization, the Bankruptcy Court is not authorized to conduct a jury trial in this non-core proceeding. The necessity of preserving ICSP's right to a jury trial constitutes "good cause" for withdrawal under 28 U.S.C. § 157(d).

*Pied Piper Casuals, Inc. v. Insurance Company of the State of Pennsylvania,* 72 B.R. 156, 160 (S.D.N.Y.1987). *Accord, Hatzel & Buehler v. Orange & Rockland Utilities, Inc.,* 107 B.R. 34, 39–40; *Interconnect Telephone Services v. Farren,* 59 B.R. 397 (S.D.N.Y.1986).

Accordingly, it is recommended that the district court withdraw the reference with respect to the debtor's action against Volvo so that it may be tried by an Article III judge.