In re **VYLENE ENTERPRISES, INC.,** Debtor.

**VYLENE ENTERPRISES, INC.,** Plaintiff–Appellant,

v.

**NAUGLES, INC.,** Defendant–Appellee.

No. 91–55087.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 1992.

Decided June 29, 1992.

Phillip K. Fife, Seal Beach, Cal., for plaintiff-appellant.

William T. Rintala and Suzanne Criley, Rintala, Smoot, Jaenicke & Brunswick, Los Angeles, Cal., for defendant-appellee.

Before: ALARCON, BEEZER and RYMER, Circuit Judges.

BEEZER, Circuit Judge:

We consider court of appeals jurisdiction over an adversary proceeding that began in the bankruptcy court and was appealed to the district court. The district court vacated the bankruptcy court's final judgment in favor of Vylene Enterprises, Inc. (Vylene) and remanded to the bankruptcy court for submission of proposed findings of fact and conclusions of law. Because the district court's order is not final, we dismiss Vylene's appeal for lack of jurisdiction.

# I

## FACTS AND PROCEDURAL HISTORY

Naugles, Inc. (Naugles) franchised one of its Mexican fast food restaurants to Vylene. The parties' dispute centers on whether Naugles breached its duty to negotiate in good faith with Vylene for an extension of the franchise agreement.

Vylene's adversary filing in bankruptcy has produced a number of published dispositions.[1]

Vylene filed the pending action in the bankruptcy court when it was the debtor in possession in Chapter 11 proceedings. Naugles consistently objected to the bankruptcy court's assertion of core jurisdiction over the case.[2] Pursuant to its claimed core jurisdiction, the bankruptcy court rendered a final money judgment in Vylene's favor. *Vylene Enters. v. Naugles, Inc. (In re Vylene Enters.),* 105 B.R. 42 (Bankr. C.D.Cal.1989) (opinion re liability) *and* Adv. No. LA–85–4983–SB (Bankr. No. LA–84–14659–SB) (Bankr.C.D.Cal. July 5, 1990) (ruling on damages). The district court vacated the bankruptcy court's judgment and remanded the case to the bankruptcy court for disposition as an otherwise related proceeding. *Vylene Enters.,* 122 B.R. 747 (C.D.Cal.1990), *vacating and remanding* 105 B.R. 42 *and* Adv. No. LA–85–4983–SB.

Vylene appeals the district court's order, relying on 28 U.S.C. § 1291 as the basis for court of appeals jurisdiction.

We have jurisdiction over an appeal only if authorized by statute. We "determine sua sponte [our] proper jurisdiction." *Pizza of Hawaii, Inc. v. Shakey's Inc. (In re Pizza of Hawaii, Inc.),* 761 F.2d 1374, 1377

(9th Cir.1985). We must dismiss an appeal when we lack jurisdiction.

# II

## ORIGINAL JURISDICTION IN BANKRUPTCY—STATUTORY FRAMEWORK

District courts have original, but not exclusive, jurisdiction over bankruptcy cases. 28 U.S.C. § 1334. Such cases are automatically referred to the bankruptcy court. 28 U.S.C. § 157(a). Bankruptcy courts may enter final orders and judgments in cases under title 11 (the Bankruptcy Code) and in core proceedings. 28 U.S.C. § 157(b)(1); *see* 28 U.S.C. § 157(b)(2) (defining core proceedings). The bankruptcy court has jurisdiction to submit proposed findings of fact and conclusions of law in proceedings that are otherwise related to a case under title 11, but it may not issue final orders or judgments. 28 U.S.C. § 157(c)(1). The bankruptcy court makes the initial determination whether a case is a core or otherwise related proceeding. 28 U.S.C. § 157(b)(3). For cause shown, the district court may withdraw, in whole or in part, any case or proceeding referred to the bankruptcy court. 28 U.S.C. § 157(d).

The district courts have bankruptcy appellate jurisdiction.

> The district courts ... have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

28 U.S.C. § 158(a).

The bankruptcy appellate panel has similar appellate jurisdiction. 28 U.S.C. § 158(b) (parties must consent).

---

1. *Vylene Enters. v. Naugles, Inc. (In re Vylene Enters.),* 63 B.R. 900 (Bankr.C.D.Cal.1986), *rev'd and remanded,* No. CV–86–7281–JSL (C.D.Cal. June 23, 1987) (order lifting automatic stay), *appeal dismissed as moot,* 891 F.2d 295 (9th Cir.) (mem.), *on remand,* 105 B.R. 42 (Bankr. C.D.Cal.1989) (opinion re liability) *and* Adv. No. LA–85–4983–SB (Bankr. No. LA–84–14659–SB) (Bankr.C.D.Cal. July 5, 1990) (ruling on damages), *vacated and remanded,* 122 B.R. 747 (C.D.Cal.1990).

2. A bankruptcy court has jurisdiction to render final orders and judgments in core proceedings. If a proceeding is not core, but is still related to the bankruptcy case, it is an otherwise related proceeding. The bankruptcy court acts as the district court's adjunct factfinder in otherwise related proceedings, unless all parties consent to the bankruptcy court's jurisdiction to enter final orders and judgments. *See generally* 28 U.S.C. § 157 (designed to afford jurisdiction consistent with Article III).

In otherwise related proceedings the district court acts as the trial court and enters any final order or judgment "after reviewing de novo those matters [(found or concluded by the bankruptcy court)] to which any party has timely and specifically objected." § 157(c)(1).

## III

### COURT OF APPEALS JURISDICTION IN BANKRUPTCY—STATUTORY FRAMEWORK

The statutory framework governing original bankruptcy jurisdiction precedes an appeal to the court of appeals, and it controls which statutes confer jurisdiction on appeal.

In limited circumstances we hear interlocutory appeals.

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order. . . .

28 U.S.C. § 1292(b).[3]

We have jurisdiction over final decisions of district courts.

The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts . . . except where a direct review may be had in the Supreme Court.

28 U.S.C. § 1291.

We also have jurisdiction over appeals from all final decisions, judgments, orders, and decrees entered under [28 U.S.C. § 158(a), (b).]

28 U.S.C. § 158(d).

We now proceed to consider whether any of these statutes permit us to exercise jurisdiction over Vylene's appeal.

## IV

### 28 U.S.C. § 1292(b) INTERLOCUTORY APPEAL

 Interlocutory orders of the district court, sitting as a bankruptcy trial or bankruptcy appellate court,[4] are reviewable by the court of appeals in limited circumstances. *Connecticut Nat'l Bank v. Germain*, ── U.S. ──, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). The district court's order vacating the bankruptcy court judgment favorable to Vylene does not state that it resolved "a controlling question of law," the immediate appeal of which "may materially advance the ultimate termination of the litigation." § 1292(b); *see Vylene Enters.*, 122 B.R. 747. We do not have jurisdiction under § 1292(b).

## V

### FINALITY STANDARDS UNDER 28 U.S.C. §§ 158(d), 1291

The interplay between §§ 158(d) and 1291 presents us with a more complex question whether we have jurisdiction. Whether the district court acted in its bankruptcy trial or bankruptcy appellate capacity, § 1291 affords a basis for our jurisdictional inquiry. Section 158(d) affords a basis for our jurisdiction only if the district court acted in its § 158(a) bankruptcy appellate capacity. To determine whether only § 1291 or both §§ 158(d) and 1291 afford a basis for our jurisdiction would require us to answer the substantive issue

---

**3.** We do not consider 28 U.S.C. § 1292(a) because this case involves a money judgment.

**4.** Section 1292(b), by its plain language, affords us jurisdiction only over orders made by a district judge. Our decision today recognizes that a party to a bankruptcy court proceeding who foresees the need for an interlocutory appeal must forgo the speedier appellate process afforded by the bankruptcy appellate panel. *See* 16 Charles A. Wright et al., Federal Practice and Procedure § 3926, at 120 (Supp.1991).

on appeal: Is this a core or an otherwise related proceeding?

If we determined finality under §§ 158(d) and 1291 using the same standards, the nature of the proceeding, which determines the statute or statutes that afford a basis for our jurisdiction, would not matter. Existing Ninth Circuit precedent holds, however, that the finality standards differ. A recent Supreme Court opinion suggests otherwise. Because we must examine Ninth Circuit precedent in light of decisions of the Supreme Court, we perceive three possible approaches to our jurisdictional inquiry.

First, we could determine the nature of this proceeding and the finality standards for the applicable jurisdictional statute(s). We reject this approach because it results in a jurisdictional inquiry that requires us to decide the merits of the appeal. Further, if we decided that Vylene's claim gives rise to an otherwise related proceeding, we would have to reconcile Ninth Circuit precedent with a recent Supreme Court opinion to determine whether, in the bankruptcy context, § 1291 has the same finality standards as § 158(d).

Second, we could determine the finality standards for each statute and apply both statutes. This approach does not require us to determine the nature of the proceeding. It does, however, require the reconciliation of Supreme Court and Ninth Circuit precedent, with respect to finality standards, that the first approach requires in the event that Vylene's claim gives rise to an otherwise related proceeding.

Third, we could determine which statute's finality standards are more liberal under our existing precedent and analyze our jurisdiction under those standards. This approach is available only if we do not have jurisdiction under the more liberal finality standards. It affords the advantages that we neither have to decide the merits of the case nor prematurely examine the status of existing Ninth Circuit precedent regarding finality standards under §§ 158(d) and 1291. We choose this approach because we conclude, *infra* Part VI,

that we lack jurisdiction even under the more liberal finality standards of § 158(d).

## A

*Uncertainty as to the Nature of the Proceeding Results in Uncertainty as to the Statute That Affords Court of Appeals Jurisdiction*

Section 1291 affords us jurisdiction over final orders of the district court, whether the district court rendered the order in its bankruptcy trial or bankruptcy appellate capacity. Section 158(d) affords us jurisdiction over final orders of the district court rendered in its bankruptcy appellate capacity. Although the overlap between the two statutes is substantial, § 158(d) also affords us jurisdiction over final orders of the bankruptcy appellate panel. Because § 1291 does not afford us jurisdiction over final orders of the bankruptcy appellate panel, the substantial overlap does not render § 158(d) wholly superfluous. *Connecticut Nat'l Bank,* 112 S.Ct. at 1149, *overruling Teleport Oil Co. v. Security Pac. Nat'l Bank (In re Teleport Oil Co.),* 759 F.2d 1376 (9th Cir.1985). Section 1291, of course, affords us jurisdiction over final district court orders outside the bankruptcy context.

We cannot say with certainty which jurisdictional statute or statutes apply to Vylene's appeal. If the bankruptcy court is correct, and this case is a core proceeding, Vylene asks us to review a decision of the district court acting in its bankruptcy appellate capacity. Either § 158(d) or § 1291 would provide the finality standards applicable to our jurisdictional inquiry.

If the district court is correct, and this case is an otherwise related proceeding, Vylene asks us to review an order of the district court sitting as a court of original jurisdiction. Under § 158(d), we have "jurisdiction over appeals from final orders of the district court reviewing final bankruptcy court orders." *In re Fowler,* 903 F.2d 694, 695 (9th Cir.1990). Because the bankruptcy court cannot enter a final order in an otherwise related proceeding, § 1291

would provide the finality standards applicable to our jurisdictional inquiry.[5]

## B

### *Liberality of Bankruptcy Finality Standards Under Both Supreme Court and Existing Ninth Circuit Precedent*

The nature of the proceeding matters only if finality standards under §§ 158(d) and 1291 differ. The Supreme Court has stated that §§ 158(d) and 1291 afford the same jurisdiction with respect to final orders of a district court sitting in its bankruptcy appellate capacity. *Connecticut Nat'l Bank,* 112 S.Ct. at 1149. To afford the same jurisdiction, both statutes would have to have the same finality standards in bankruptcy proceedings. A well-respected treatise agrees:

> Reliance on § 1291 need not lead to different finality results according to the circumstance whether the district court order was entered initially or on review of an order entered by a bankruptcy judge. Whatever measure of distinctive analysis is appropriate to bankruptcy proceedings can be applied under § 1291 as well as § 158(d).

16 Charles A. Wright et al., Federal Practice and Procedure § 3926, at 119 (Supp. 1991).

Our cases disagree with *Connecticut Nat'l Bank*'s implication and Wright's position. We had occasion to consider our jurisdiction under § 1291 when a district court withdrew its reference of a case to the bankruptcy court and entered an order granting relief from the automatic stay. *Packerland Packing Co. v. Griffith Brokerage Co. (In re Kemble),* 776 F.2d 802 (9th Cir.1985). We noted that § 1291 finality can be an elusive concept because of the collateral order doctrine and the *Forgay v. Conrad* rule. *Id.* at 805 (citing *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S.

541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Forgay v. Conrad,* 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848)). Based on precedent in other bankruptcy cases we found jurisdiction to consider the district court's order granting relief from the automatic stay. *Id.* With respect to the withdrawal of reference, we found no precedent and concluded that the withdrawal did not satisfy the requirements of the collateral order doctrine. *Id.* at 806.

Subsequently we considered our jurisdiction over an order of the district court upholding the constitutionality of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333. *Benny v. England (In re Benny),* 791 F.2d 712 (9th Cir.1986). Because the district court had withdrawn its reference to the bankruptcy court, we held that § 158(d) did not afford jurisdiction. *Id.* at 718. We then assessed our jurisdiction under § 1291, recognizing that finality standards might differ. "Nevertheless, even assuming that this more flexible doctrine [ (referring to § 158(d) finality standards) ] is appropriate for bankruptcy appeals brought under section 1291, the circumstances of this appeal still do not present an appealable order." *Id.* (footnote omitted). In a footnote, we explicitly acknowledged that the standard for finality under § 1291 might be more strict than that under § 158(d). *Id.* n. 7. Because we found the order not appealable under § 158(d)'s (arguably) more liberal standards, we concluded that we certainly did not have jurisdiction under § 1291. *Id.* at 719 (also concluding that *Cohen*'s collateral order doctrine did not apply).

When a district court sitting as a bankruptcy trial court ordered a former director of the debtor to turn over stock to the bankruptcy trustee, we addressed the issue we had avoided in *Benny. Cannon v. Ha-*

---

**5.** Section 158(a) affords the district court bankruptcy appellate jurisdiction over the bankruptcy court's interlocutory orders and decrees. A well-respected treatise acknowledges that a district court's disposition of an interlocutory appeal could result in a final order. 16 Charles A. Wright et al., § 3926, at 119–20 (Supp.1991). Such a circumstance arguably produces a final order under § 158(a). In these limited circumstances § 158(d) might provide jurisdiction in the court of appeals over a final order of the district court reviewing an interlocutory bankruptcy court order. We do not face this situation, however, because we do not have before us an interlocutory order or decree of the bankruptcy court.

*waii Corp. (In re Hawaii Corp.),* 796 F.2d 1139 (9th Cir.1986). We explained:

> We, however, have developed liberalized rules of finality for bankruptcy cases arising under section 158(d). Because [*Klenske v.] Goo [ (In re Manoa Finance),* 781 F.2d 1370 (9th Cir.1986), *cert. denied sub nom. Yamamoto v. Klenske,* 479 U.S. 1064, 107 S.Ct. 948, 93 L.Ed.2d 997 (1987),] states that our jurisdiction in cases like the instant action arises under section 1291 and not section 158(d), we hold that these liberalized rules do not apply to appeals from district judges sitting in bankruptcy. *[In re] Mason*[, 709 F.2d 1313 (9th Cir.1983),] makes clear that the rule of finality for bankruptcy cases is more liberal than the finality rule under 28 U.S.C. § 1291. *See Mason,* 709 F.2d at 1316 ("The thrust of Levin's argument is that one should determine if an order is final in light of the unique nature of bankruptcy procedure and not with blind adherence to the rules of finality developed under 28 U.S.C. § 1291."); *id.* at 1318 ("Our decision that the entry of an order of relief is a final decision appealable as of right to this court by the debtor should not be read to imply that this court endorses a liberalization of the rule governing finality in any other context. The unique nature of bankruptcy procedure dictates, however, that we take a pragmatic approach to the question of finality.").

> Because the liberalized rules of finality for bankruptcy appeals do not apply to 28 U.S.C. § 1291 appeals, this court has jurisdiction over this case only if the order of the district judge is an appealable collateral order. *See Cohen* [ ], 337 U.S. 541 [69 S.Ct. 1221, 93 L.Ed. 1528] (1949); *Forgay v. Conrad,* 47 U.S. (6 How.) 201 [12 L.Ed. 404] (1848).

*Id.* at 1141–42 (citations omitted). In a footnote, we explained that the appropriate finality standards depend not on the context in which the party appeals, but on the applicable jurisdictional statute. *Id.* at

1142 n. 1 (declining to adopt a rule that would require a determination whether an appeal is a § 1291 "bankruptcy appeal" or a § 1291 "nonbankruptcy appeal"). We decided that the district court's order to turn property over to the estate was final because it was a collateral order under *Cohen* and it met the *Forgay v. Conrad* rule.[6]

*Hawaii Corp.* unequivocally requires us to apply different finality standards depending on which statute affords jurisdiction. In a later case, we did state: "In bankruptcy proceedings, the rules of finality developed under the general grant of appellate jurisdiction provided in 28 U.S.C. § 1291 (1982) are given a flexible reading." *Turgeon v. Victoria Station (In re Victoria Station),* 840 F.2d 682, 683 (9th Cir. 1988). Although we neglected specifically to mention § 158(d) as providing the basis for our jurisdiction, it clearly did. All of the cases that we cited in our jurisdiction discussion relied upon either § 158(d) or its predecessor § 1293. Most importantly, we were considering an appeal from the bankruptcy appellate panel. Section 1291 pertains only to appeals from the district court. Thus, our statement in *Victoria Station* did not signal a loosening of standards under § 1291, it merely recognized our holding in *Hawaii Corp.* that § 158(d) affords more liberal finality standards than § 1291.

### C

*Applying 28 U.S.C. § 158(d)'s Finality Standards Avoids Both Deciding the Merits to Resolve Jurisdiction and Prematurely Examining Existing Ninth Circuit Precedent*

The two complexities we have just discussed guide our approach to determining our jurisdiction. We decline to decide the merits of an appeal as a part of our jurisdictional inquiry. Thus we do not decide whether this proceeding is core or otherwise related.

---

**6.** "Under the *Forgay–Conrad* rule, an order is final if it requires the immediate turnover of property and subjects the party to irreparable harm if the party is forced to wait until the final outcome of the litigation." *Hawaii Corp.,* 796 F.2d at 1143.

Because it confers jurisdiction whether the district court renders a final order in its bankruptcy trial or bankruptcy appellate capacity, § 1291 clearly provides a basis for our jurisdictional inquiry. Section 158(d) provides a basis for our jurisdictional inquiry only if the district court reviewed a final order rendered by the bankruptcy court in a core proceeding. Both statutes potentially apply.

Existing Ninth Circuit precedent holds that § 158(d)'s finality standards are more liberal than those associated with § 1291. The Supreme Court implies that any order of the district court appealable under § 158(d) should also be appealable under § 1291.[7] Thus, under both Supreme Court and Ninth Circuit precedent, § 158(d) affords the most liberal finality standards. Because we can resolve the finality of the district court's order solely by reference to the more liberal standards that we associate with § 158(d), we decline to decide whether *Connecticut Nat'l Bank* undermines or overrules *Hawaii Corp. Cf. Benny*, 791 F.2d at 718–19 (not needing to decide whether § 1291 bankruptcy appeals have finality standards more strict than those under § 158(d)).

## VI

### LACK OF JURISDICTION UNDER 28 U.S.C. §§ 158(d), 1291

Whether the district court has remanded in its bankruptcy appellate capacity or referred in its bankruptcy trial capacity, the finality standards of § 158(d) define the maximum potential extent of our jurisdiction over final orders. Our analysis does not apply § 158(d) itself, it applies § 158(d)'s finality standards to determine whether the district court issued a final order under either § 158(d) or § 1291. After considering finality under § 158(d)'s standards, we consider whether the *Cohen* collateral order doctrine applies to Vylene's appeal.

### A

*Lack of Final Order Under 28 U.S.C. § 158(d)'s Finality Standards; Lack of 28 U.S.C. § 158(d) Jurisdiction*

Our inquiry under § 158(d)'s finality standards simultaneously resolves two possible characterizations of this case. If the district court has properly acted as a court of original jurisdiction, then it clearly has not entered the final order contemplated by § 157(c)(1). It has engaged in no *de novo* review of the bankruptcy court's findings of fact and conclusions of law. *See* § 157(c)(1). Under this characterization, we would determine whether we have jurisdiction to tell the district court that it should forgo referring a matter to the bankruptcy court, given that the bankruptcy court has already made extensive findings of fact and conclusions of law. *See Vylene Enters.*, 105 B.R. 42; 63 B.R. 900.

If the district court should have acted in its bankruptcy appellate capacity, then the bankruptcy court clearly entered a final order pursuant to § 157(b). Under this characterization, the district court made an incorrect ruling about the nature of the case and failed to exercise its appellate jurisdiction under § 158(a). Here we would determine whether we have jurisdiction to review a district court's ruling that the bankruptcy court must follow certain procedural formalities before the district court will review the bankruptcy court's determination.

### 1

### Theoretical Justification for Liberal Finality Standards

█ We take a pragmatic approach in determining finality under § 158(d) because of the unique nature of a bankruptcy proceeding: " '[C]ertain proceedings in a bankruptcy case are so distinctive and conclusive either to the rights of the individuals or the ultimate outcome of the case that final decisions as to them should be appealable as of right.' " *King v. Stanton (In re Stanton)*, 766 F.2d 1283, 1285–86 (9th Cir.

---

**7.** The Supreme Court has clearly overruled the analysis in our cases that holds that if § 158(d) confers jurisdiction then § 1291 does not. *Connecticut Nat'l Bank*, 112 S.Ct. at 1149.

1985) (quoting *In re Mason*, 709 F.2d 1313, 1317 (9th Cir.1983)). A district court renders a final order when it affirms or reverses a bankruptcy court's final order. If it remands for factual determinations on a central issue, its order is not final and we lack jurisdiction to review the order. *See Zolg v. Kelly (In re Kelly)*, 841 F.2d 908, 911 (9th Cir.1988); *Stanton*, 766 F.2d at 1287.

We follow this approach to avoid piecemeal appeals and to enhance judicial efficiency. *Kelly*, 841 F.2d at 911; *Stanton*, 766 F.2d at 1287. We avoid having a case make two complete trips through the appellate process and endeavor not to interfere with the bankruptcy court's factfinding role. By refusing routine appeals of interlocutory orders, we reduce the likelihood that we will face an inadequate record. *Stanton*, 766 F.2d at 1287.

## 2

### Application of Liberal Finality Standards in Previous Cases

We have faced a class of cases in which the district court or bankruptcy appellate panel affirmed an order of the bankruptcy court that determined substantive property rights. Without an immediate appeal, one of the parties might suffer irreparable harm. Under our flexible standard of finality for bankruptcy appeals, we have assumed jurisdiction over these cases. *Burchinal v. Central Wash. Bank (In re Adams Apple, Inc.)*, 829 F.2d 1484 (9th Cir.1987) (cross-collateralization clause); *Fireman's Fund Ins. Co. v. Grover (In re Woodson Co.)*, 813 F.2d 266 (9th Cir.1987) (whether certain assets were property of the estate); *In re Rubin*, 769 F.2d 611 (9th Cir.1985) (order for relief); *In re Mason*, 709 F.2d 1313 (9th Cir.1983) (denial of motion to vacate order for relief). We have also assumed jurisdiction over similar cases in which the district court or bankruptcy appellate panel reversed the bankruptcy court's decision. *Turgeon v. Victoria Station (In re Victoria Station)*, 840 F.2d 682 (9th Cir.1988) (whether lease rejected by operation of law); *In re Sambo's Restaurants, Inc.*, 754 F.2d 811 (9th Cir.1985) (whether claimant could participate in bankruptcy process by amending informal proof of claim); *see also In re Sequoia Auto Brokers Ltd.*, 827 F.2d 1281 (9th Cir. 1987) (civil contempt).

We have determined that we do not have jurisdiction to review cases in which the district court affirms an order of the bankruptcy court that is not final. *E.g., In re Allen*, 896 F.2d 416 (9th Cir.1990) (order merely verifying adequacy of involuntary petition not the same as an order for relief, which turns property over to the trustee). Neither do we have jurisdiction over the reversal of an interlocutory discovery order. *In re Rubin*, 693 F.2d 73 (9th Cir. 1982).

The most difficult cases are those in which the district court or bankruptcy appellate panel reverses a final order of the bankruptcy court and remands the matter to the bankruptcy court. Here we have balanced the policies of avoiding piecemeal appeals and enhancing judicial efficiency. *Compare In re Fowler*, 903 F.2d 694 (9th Cir.1990) (reversing district court's substitution of its cramdown interest rate for that selected by the bankruptcy court and remanding to the bankruptcy court for factfinding to determine a proper rate) *and Kelly*, 841 F.2d 908 (legal issues would predominate on remand in determining priority of a debt so review legal issues now) *and Pizza of Hawaii, Inc. v. Shakey's, Inc. (In re Pizza of Hawaii, Inc.)*, 761 F.2d 1374 (9th Cir.1985) (affirming district court's determination that a creditor should be able to file a claim, undoing the bankruptcy court's confirmation of a reorganization plan) *with Stanton*, 766 F.2d 1283 (refusing jurisdiction when bankruptcy appellate panel remanded for factual development of issues involved in a counterclaim that was improperly dismissed by the bankruptcy court) *and In re Martinez*, 721 F.2d 262 (9th Cir.1983) (refusing jurisdiction when bankruptcy appellate panel remanded for factual development on form of tenancy in which debtors held property).

Our cases demonstrate a great concern for impairment of property rights, whether caused by substantive or procedural mecha-

nisms, particularly where irreparable harm might result.

A determination to develop a unique concept of finality for bankruptcy appeals of course does not mean that every bankruptcy order is final and appealable when entered. Just as some orders have been found final, others have been found nonfinal and will continue to be found nonfinal. Wise development and application of the bankruptcy concept of finality will require a sophisticated knowledge of substantive bankruptcy law, bankruptcy procedure, and actual bankruptcy administration.

16 Charles A. Wright et al., § 3926, at 118 (Supp.1991).

### 3

### Application of Liberal Finality Standards to Vylene's Appeal

■ As a threshold matter, we observe that Vylene suffers no impairment to its property rights by virtue of the district court's order. Further, from the standpoint of bankruptcy procedure and administration, we see no reason why Vylene should have an automatic appeal of the core versus otherwise related proceeding issue. *See Dunkley v. Rega Properties (In re Rega Properties)*, 894 F.2d 1136, 1138–39 (9th Cir.) (avoid unnecessary delay of the reorganization process), *cert. denied,* — U.S. —, 111 S.Ct. 251, 112 L.Ed.2d 207 (1990). If the district court has erred, we can correct that error when we review the district court's final order entered pursuant to § 157(c)(1).[8] We have the power to reinstate the bankruptcy court's final order. *See In re Souza,* 795 F.2d 855 (9th Cir.1986).

We do not view Vylene's circumstance in isolation, however, for it would be folly to create a rule relating to core proceeding determinations that functioned only if a particular procedural circumstance obtained. *Cf.* 16 Charles A. Wright et al.,

§ 3926, at 122 (Supp.1991) (in considering court of appeals jurisdiction over district court's dismissal of a bankruptcy court appeal because the bankruptcy court's order is not final, court of appeals should not set up "rule that the court of appeals has jurisdiction to reverse if the district court was wrong, but must dismiss the appeal if the district court was right"). We must consider how our decision on Vylene's appeal affects actual bankruptcy administration.

The bankruptcy court makes the initial determination whether the case is a core proceeding. § 157(b)(3). The bankruptcy court will render a final order if it decides the case is a core proceeding, § 157(b)(1), and it will submit findings of fact and conclusions of law if it decides the case is an otherwise related proceeding. § 157(c)(1). In the event it renders a final order, the bankruptcy court still must support its decision with findings of fact and conclusions of law. Bankr.R. 7052; Fed. R.Civ.P. 52. No matter how the bankruptcy court resolves the core proceeding determination,[9] it must undertake the task of factual development.

If the district court, either explicitly or implicitly, affirms a bankruptcy court's erroneous decision on the core proceeding issue, we will have before us a final order appealable under § 158(d), § 1291 or both. We can reverse the error of both courts and efficiently address any other error in the same appeal. If the district court reverses a bankruptcy court's erroneous decision, justice is served. Similarly, if the district court affirms a correct decision of the bankruptcy court, justice is served. Two problematic permutations remain.

First, as Vylene claims in its appeal, the district court might reverse the bankruptcy court's correct determination that it has core jurisdiction. As we pointed out, *supra,* the bankruptcy court will already have

---

**8.** We need not decide today whether we would need to remand to the district court so that it could conduct its appellate review. We do note, however, that we would be in as good a position as the district court to review the bankruptcy court's final order.

**9.** If a party feels especially aggrieved, it may move the district court, for cause shown, to withdraw its reference to the bankruptcy court. § 157(d).

issued a final order. Any delay in having the bankruptcy court convert its final order into proposed findings of fact and conclusions of law should be *de minimis*. Further, we anticipate that the district court will rule correctly more frequently than it will err. Thus, we decline to authorize an appeal for everyone, which would unduly delay the reorganization process, when the alternative is *de minimis* delay for the few who are truly aggrieved. As well, a party always has the prerogative to request the district court to certify its decision for interlocutory review. § 1292(b); *Connecticut Nat'l Bank*, 112 S.Ct. at 1150. A party may also petition us to issue a writ of mandamus. *See Allen*, 896 F.2d at 419–20.

Second, the district court might reverse the bankruptcy court's correct determination that the case is an otherwise related proceeding. In this circumstance, the bankruptcy court would have submitted proposed findings of fact and conclusions of law. Once again, any delay in having the bankruptcy court enter a final order should be *de minimis*. A more significant delay results *after* our eventual review[10] because the district court must review "de novo those matters to which any party has timely and specifically objected." § 157(c)(1). Here we feel the more appropriate overall policy is to trust that the district courts will identify those cases that present close questions and certify them for interlocutory review. As we mentioned *supra*, an aggrieved party can always petition us to issue a writ of mandamus. *See Allen*, 896 F.2d at 419–20.

We do not impair Vylene's substantive property rights by declining jurisdiction over this appeal. No irreparable harm is imminent. We find that sound bankruptcy procedure and administration counsel against our jurisdiction over this appeal. Accordingly, we hold that, under the more liberal finality standards associated with § 158(d), the district court did not enter a final order. Because the district court did not render a final order in its § 158(a)

bankruptcy appellate capacity, we have no jurisdiction under § 158(d).

### B

*Lack of Collateral Order; Lack of 28 U.S.C. § 1291 Jurisdiction*

 "Under the 'collateral order doctrine,' a party may receive immediate review of a nonfinal district court order if the order 'conclusively determine[s] the disputed question, resolve[s] an important issue completely separate from the merits of the action, and [is] effectively unreviewable on appeal from a final judgment.'" *Benny*, 791 F.2d at 719 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)) (footnote omitted and alterations by the *Benny* panel). We explained, *supra* Subpart VI A, how we can review the district court's core proceeding determination after the bankruptcy court complies with the district court's order. We need not decide whether Vylene's appeal meets the other requirements of the collateral order doctrine.

 The district court did not render an appealable collateral order. Because the district court did not render a final order under the finality standards of § 158(d), it did not render a final order under § 1291's finality standards either. *Connecticut Nat'l Bank*, 112 S.Ct. at 1149 *or Hawaii Corp.*, 796 F.2d at 1141–42. Lacking either an appealable collateral order or a final order, we have no jurisdiction under § 1291.

### CONCLUSION

Because we lack jurisdiction, Vylene's appeal is DISMISSED.

RYMER, Circuit Judge, concurring:

I concur in the judgment.

---

**10.** After the bankruptcy court enters a final order and the district court reviews it, we will know, without determining whether the case is

core or otherwise related, that we have jurisdiction under § 1291. Accordingly, we will at least be able to resolve legal questions that the dis-

trict court will address on remand. *See Kelly,* 841 F.2d at 911.