142 F.3d 445
 2 Cal. Bankr. Ct. Rep. 36
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: Richard A. STEEN, Debtor.
Mary BROOKS, Plaintiff-Appellee,
v.
Richard A. STEEN, Defendant-Appellant.
 No. 96-16819.
D.C. No. CV-95-01257-PGR.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued Oct. 6, 1997.
Submission Deferred Oct. 10, 1997.
Resubmitted Apr. 3, 1998.
Decided Apr. 7, 1998.
 
 Appeal from the United States District Court for the District of Arizona Paul G. Rosenblatt, District Judge, Presiding.
 Before SCHROEDER, BEEZER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is an appeal from an order of the district court acting in its bankruptcy appellate capacity. The district court reversed the bankruptcy court's finding that the debt owed creditor Brooks by Steen on a residential lease was dischargeable. The district court remanded to the bankruptcy court with instructions to enter judgment in favor of Brooks, which the bankruptcy court did. Debtor Steen now appeals. We affirm in part, reverse in part, and remand for further proceedings.
 
 I.
 
 3
 The first issue is whether there is a final reviewable order of the district court over which this court has jurisdiction.
 
 
 4
 We have jurisdiction over "appeals from all final decisions, judgments, orders, and decrees entered under [28 U.S.C. § 158(a) and (b) ]." See 28 U.S.C. § 158(d). In this case, the bankruptcy court, after holding a trial, issued an order holding that Steen's debt to Brooks was dischargeable because Steen did not incur the debt by means of materially false statements. See 11 U.S.C. §§ 523(a)(2)(B), 727. Brooks appealed the bankruptcy court's order to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 158(a). On March 21, 1996, the district court reversed the bankruptcy court, holding that Steen's debt was nondischargeable, and remanding the case to the bankruptcy court for entry of judgment in favor of Brooks.
 
 
 5
 Upon remand, the bankruptcy court issued an order setting a hearing regarding entry of judgment. Brooks proceeded to file a motion with the bankruptcy court for prejudgment interest and attorneys' fees. On July 2, 1996, the bankruptcy court entered judgment in favor of Brooks, granting prejudgment interest, but denying Brooks' request for attorneys' fees.
 
 
 6
 Meanwhile, on April 18, 1996, Steen filed with this court a notice of appeal from the district court's order of March 21, 1996. On July 12, 1996, we dismissed Steen's initial appeal for lack of jurisdiction, citing 28 U.S.C. §§ 158(d), 1291.
 
 
 7
 Steen filed the present notice of appeal on July 31, 1996, subsequent to the entry of final judgment by the bankruptcy court, purporting to appeal "from the final judgment of the District Court entered in this case on July 2, 1996." On August 23, 1996, Steen filed an amended notice of appeal, this time stating that he appeals from "the Order of the District Court for the District of Arizona, dated March 21, 1996, remanding the case to the Bankruptcy Court for entry of final judgment, which was entered in this case on July 2, 1996."
 
 
 8
 We have developed liberal finality standards for bankruptcy cases arising under 28 U.S.C. § 158(d). See In re Vylene Enterprises, Inc., 968 F.2d 887, 893 (9th Cir.1992). Under these flexible standards, the March 21, 1996 order of the district court in this case, upon which judgment was entered by the bankruptcy court on July 2, 1996, is a reviewable final order. That the case was remanded to the bankruptcy court for entry of judgment and for consideration of attorneys' fees and prejudgment interest does not affect the finality of the district court's ruling as to dischargeability. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201-202, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988); International Ass'n of Bridge Structural, Ornamental, and Reinforcing Ironworkers' Local Union 75 v. Madison Indus., Inc., 733 F.2d 656, 659 (9th Cir.1984). Therefore, our jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158(d).
 
 II.
 
 9
 Turning to the merits, we must determine whether the district court correctly ruled that the bankruptcy court erred in finding no material misrepresentations.
 
 
 10
 We review the district court's decision on an appeal from a bankruptcy court de novo. In re Lazar, 83 F.3d 306, 308 (9th Cir.1996). Thus, we apply the same standard of review applied by the district court. Id. We apply a clearly erroneous standard to the bankruptcy court's findings of fact and review its conclusions of law de novo. Id.
 
 
 11
 Whether misrepresentations are material is an issue of fact. In re Lansford, 822 F.2d 902, 904 (9th Cir.1987). Material misrepresentations, for purposes of § 523(a)(2)(B), are defined as "substantial inaccuracies of the type which would generally affect a lender's or guarantor's decision." In re Candland, 90 F.3d 1466, 1470 (9th Cir.1996). Significant misrepresentations of financial condition are generally considered material. Id.
 
 
 12
 Title 11 U.S.C. § 523 sets out exceptions to the general rule that debts may be discharged in bankruptcy. One such exception is where a debt was obtained by means of a false representation. Under § 523(a)(2)(B), a debtor is not entitled to discharge a debt for property to the extent that the debt was obtained by use of a written statement: (1) that was materially false when made; (2) that concerns the debtor's financial condition; (3) on which the creditor reasonably relied; and (4) that the debtor caused to be made with the intent to deceive. See Lansford, 822 F.2d at 904. The burden is on the creditor to establish each of these elements by a preponderance of the evidence. Id.
 
 
 13
 Here, Steen represented on his credit application that he possessed liquid/cash assets in the total amount of $30,000 and other assets in the amount of $8000. The bankruptcy court found in its post-trial order that these statements were not materially false when made. Specifically, the bankruptcy court determined that "[t]he facts are that the debtor had a 401K retirement account with in excess of $30,000, owned a condo and various items of personal property in the condo." Accordingly, the bankruptcy court held that Brooks had failed to prove that Steen's debt was nondischargeable under 28 U.S.C. § 523(a)(2)(B).
 
 
 14
 The bankruptcy court clearly erred in finding that Steen made no material misrepresentations on his credit application. Nothing in the trial record supports the bankruptcy court's conclusion that Steen's 401(k) account, condo, and personal property represented $30,000 in liquid assets. Rather, Steen testified at trial that although he had approximately $33,000 in his 401K account, the account was actually worth only approximately $17,000 to $18,000 because it was encumbered by a loan of approximately $16,000. Steen also conceded at trial that the IRS had strict rules regarding use of the money in the 401K account, and that he could not have converted the money in the account into cash unless he declared a "hardship." Thus, the 401K account was not a liquid asset. Steen also represented to the trial court that the $8,000 in "other assets" listed on his credit application referred to his condo, thereby conceding that the condo was not a liquid asset.
 
 
 15
 Steen did present other evidence at trial that he had, at the time he filled out the credit application, an $8,000 or $9,000 credit line, and $4,000 to $5,000 in the bank. However, even if the bankruptcy court believed this testimony, without the 401K account as a liquid asset, the evidence as a whole supports a finding that Steen's liquid assets at the time he filled out the credit application were at best only between $12,000 and $14,000, as opposed to $30,000.
 
 
 16
 Based on the foregoing evidence, the district court was correct in holding that the bankruptcy court clearly erred in finding that Steen did not make any material misrepresentations.
 
 III.
 
 17
 The district court erred, however, in making independent findings as to reasonable reliance and intent to deceive, the other elements of Brooks' nondischargeability claim under 11 U.S.C. § 523(a)(2)(B). Those findings must be made in the first instance by the bankruptcy court. See Icicle Seafoods, Inc. v. Worthington, 475 U.S. 709, 714, 106 S.Ct. 1527, 89 L.Ed.2d 739 (1986). Therefore, we remand to the district court with instructions to remand to the bankruptcy court for further findings.
 
 IV.
 
 18
 We do not believe that an award of attorneys' fees on appeal is appropriate in this case. They are, therefore, denied. Each party shall bear their own costs.
 
 
 19
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3