In re: Norma J. HURT, Debtor.

**Wakefield Properties, Appellant,**

v.

**Norma J. Hurt, Appellee.**

No. 00–16931.

D.C. No. CV–00–00221–SMM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided Dec. 27, 2001.

Before BRIGHT,* B. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Appellant Wakefield Properties, Ltd. (Wakefield) filed in bankruptcy court a claim of lien on proceeds secured by the sale of appellee Hurt's house, upon which Wakefield claims to hold a deed of trust. Hurt contended that the deed of trust was void for lack of consideration and that a 1990 bankruptcy court judgment barred Wakefield's claim. The bankruptcy court denied the claim on the sole ground that Wakefield produced no note as evidence of the alleged debt underlying the deed of trust. *Hurt v. Varbel,* No. 85–3802 (Bankr.D.Ariz. Dec. 20, 1999).

The district court reversed on appeal, concluding that the bankruptcy court had clearly erred in finding no evidence of the

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

debt, as the record contained a promissory note for the deed of trust. *Wakefield Prop., Ltd. v. Hurt*, No. CIV 00–221 (D.Ariz. Aug. 28, 2000). The district court remanded the case to the bankruptcy court for further consideration, including fact finding and determinations as to whether Hurt should prevail on any of her several alternative theories of the case. Wakefield appeals the district court's order, arguing that the remand improperly affords Hurt a second trial before the bankruptcy court on issues she failed to raise in the first trial.

■ Hurt contends that this court lacks jurisdiction to hear this appeal on the ground that the district court, by reversing the bankruptcy court and remanding, did not issue a final order. We take a pragmatic approach to finality of district court orders where the district court sits in review of a bankruptcy court decision. *Bonner Mall P'ship v. U.S. Bancorp Mortgage Co.*, 2 F.3d 899, 903 (9th Cir.1993). We have considered the several factors that we weigh in such cases, *see id.* at 904; *Vylene Enters., Inc. v. Naugles, Inc.*, 968 F.2d 887, 895 (9th Cir.1992), and we conclude that we have jurisdiction to hear this appeal.

■ We review *de novo* the decision of a district court that has acted as an appellate court in reviewing a bankruptcy court's decision. *Lundell v. Anchor*

*Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir.2000).

■ Wakefield argues that the district court erred in remanding the case to the bankruptcy court, contending that Hurt should not be allowed to present to the bankruptcy court on remand theories of the case that she did not advance initially before the bankruptcy court. We reject this contention. The record shows that Hurt raised before the bankruptcy court the alternative theories noted in the district court opinion.[1]

Because the bankruptcy court found that there was no promissory note to support the deed of trust, it did not address Hurt's alternative arguments. For the same reason, the bankruptcy court did not fully explore Hurt's main contention that there was no consideration for the deed of trust. The bankruptcy court did not inquire into the validity of the note supporting the deed. Thus, the note's validity and the alternative theories for denying Wakefield's claim as noted by the district court remain open for consideration by the bankruptcy court on remand.[2]

For the foregoing reasons, we AFFIRM the district court's order remanding the case to the bankruptcy court for further proceedings.

---

1. *See, e.g.,* Excerpts of Record at 35, 43, 45 (arguing to bankruptcy court that the 1990 dismissal of Nevada–West's claim included the claim of C & H Manage-ment Co.); *Id.* at 36–37, 43, 45–46, 60–61 (arguing that several corporations, including C & H Management Co. and Wakefield, are alter egos for individuals engaged in an effort to keep Hurt from enjoyment of property awarded to her in the 1990 judgment); *Id.* at 14–15 (alleging relationships among those individuals and their participation in a scheme to prevent Hurt from having the use and enjoyment of her

property; *Id.* at 2 (alleging that Wakefield had been created for the sole purpose of pursuing frivolous claims against Hurt).

2. Wakefield also argues that, regardless of the propriety of the remand, the alternative theories are incorrect; that is, Wakefield is not bound by the 1990 bankruptcy court judgment. This argument is premature. The district court remanded the case because the bankruptcy court made no findings related to this issue.