MEMORANDUM *
This court may only take jurisdiction over a bankruptcy appeal when both the bankruptcy court order and the intermediate appellate decision are final. 28 U.S.C. § 158(d). This appeal fails the finality test on both levels of procedural posture and is therefore dismissed for lack of jurisdiction.
As an initial matter, the bankruptcy court only addressed one of two interrelated causes of action in its opinion, and as a result, did not finally resolve the rights of the parties in regard to all remedies sought. See, e.g., Elliot v. Four Seasons Properties (In re Frontier Properties, Inc.), 979 F.2d 1358, 1362 (9th Cir.1992). Nor can the claim that the bankruptcy court did resolve be considered “discrete” considering the significant overlap in legal arguments between the two claims. See Allen v. Old National Bank of Washington (In re Allen), 896 F.2d 416, 418-19 (9th Cir.1990).
Recognizing the incomplete nature of the bankruptcy court’s decision, the Bankruptcy Appellate Panel (“BAP”) treated the appeal as interlocutory, affirming on *80 the one claim but remanding back to the bankruptcy court for further factfinding on the second cause of action. Under this court’s pragmatic balancing approach to jurisdiction over partial remands, it cannot be said that allowing appeal on only one of two interrelated claims would avoid piecemeal litigation by terminating the case or obviating the need for factfinding with regard to the second cause of action. See North Slope Borough v. Barstow (In re Markair, Inc.), 308 F.3d 1057, 1060 (9th Cir.2002). This is particularly true in light of ongoing material factual disputes regarding the second cause of action. Id.
Our analysis is reinforced by Appellee’s admission that he has a legal obligation as trustee of the debtor’s estate to pursue the second cause of action on remand, regardless of how this panel ruled on the current appeal. It is our mandate to “avoid having a case make two complete trips through the appellate process and endeavor not to interfere with the bankruptcy court’s fact-finding role.” Vylene Enterprises, Inc. v. Naugles, Inc. (In re Vylene Enterprises, Inc.), 968 F.2d 887, 895 (9th Cir.1992).
We accordingly DISMISS this appeal for lack of jurisdiction AND REMAND to the BAP with instructions to remand further to the bankruptcy court for proceedings consistent with this disposition.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.