MEMORANDUM *
Chapter 7 debtor Anita S. Jones appeals the district court’s affirmance of the bankruptcy court’s order granting her motion to dismiss the adversary complaint filed by Gary E. Gowen. Because Jones appealed an interlocutory order from the bankruptcy court, we dismiss for lack of jurisdiction. As the parties are familiar with the factual and procedural history of this case, we do not recount it here.
We have jurisdiction to review only final orders, judgments, or decrees of the bankruptcy courts, regardless of whether these orders are first reviewed by a district court or a bankruptcy appellate panel. Mason v. Integrity Ins. Co. (In re Mason), 709 F.2d 1313, 1315 (9th Cir.1983). We may not review an interlocutory order of the bankruptcy court. Id.
The general rule is that an order dismissing a complaint with leave to amend is not a final, appealable order, and we lack appellate jurisdiction to consider it. WMX Technologies v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc). However, because this case originates in bankruptcy, we apply a “pragmatic approach” to determining the finality of bankruptcy orders appealed under 28 U.S.C. section 158(d) “because of the unique nature of a bankruptcy proceeding.” In re Vylene, 968 F.2d 887, 894 (9th Cir.1992). Specifically, we ask whether, without an immediate appeal, one of the parties might suffer irreparable harm, id. at 895, and whether the order “finally determines the discrete issue to which it is addressed,” Allen v. Old Nat’l Bank of Wash. (In re Allen), 896 F.2d 416, 418 (9th Cir.1990).
The order Jones appeals placed neither party in jeopardy of suffering irreparable harm. Indeed, dismissal of a complaint without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. Livid Holdings v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir.2005). Dismissing Gowen’s complaint, but granting Gowen leave to amend, allowed Gowen to excise the offending parts of his original complaint and proceed with those claims properly before the bankruptcy court. Granting leave to amend did not preclude Jones from asserting her affirmative defenses on the merits.
We see nothing improper in the actions of the bankruptcy court in granting leave to amend, nor do we see any justification for us to depart from the general rule that an order dismissing a complaint with leave to amend is not a final, appealable order. We therefore have no jurisdiction to hear Jones’s appeal, and must dismiss it for lack of appellate jurisdiction.
DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.