**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| In the matter of: ORANGE COUNTY NURSERY, INC., <br><br> Debtor. <br><br> ORANGE COUNTY NURSERY, INC. <br><br> Appellant, <br><br> v. <br><br> THE MINORITY VOTING TRUST, DAVID F. VEYNA, CARMEN VEYNA, and ANNA M. ZANKEL, Trustees, <br><br> Appellees. | Nos.  10-56775; 10-56777; 10-56778 <br><br> D.C. Nos. 09-CV-08158-DMG; 10-05808-DMG; 10-01605-DMG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted April 9, 2012
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Before:  FERNANDEZ and SILVERMAN, Circuit Judges, and BLOCK, District Judge.[**]

Orange County Nursery, Inc. ("OCN") appeals a district court order reversing three consolidated bankruptcy court orders and remanding to the bankruptcy court for further factfinding.  OCN argues that the district court erred by holding that (1) certain minority shareholders ("the Minority") had a claim in bankruptcy created by a California Superior Court judgment that ordered, pursuant to California Corporations Code section 2000, that either OCN would purchase the Minority's shares for $5,249,928 or the corporation would be dissolved, and (2) the Minority had a claim in bankruptcy for attorneys' fees and costs arising from the state court judgment that was not limited to the amount of a bond OCN posted in the state court proceeding.  We lack jurisdiction and dismiss.

The district court order is not an appealable final order under either 28 U.S.C. § 1291 or the more "liberal finality standard" of 28 U.S.C. § 158(d).  *See Congrejo Invs., LLC v. Mann (In re Bender)*, 586 F.3d 1159, 1163 (9th Cir. 2009).  Several factors weigh against exercising jurisdiction under section 158(d).  *See Vylene Enter. Inc. v. Naugles (In re Vylene Enter. Inc.)*, 968 F.2d 887, 895-96 (9th Cir. 1992).  First, hearing the case at this juncture is likely to result in piecemeal litigation, as the facts that will be developed on remand are not merely mechanical

2

and may generate a subsequent appeal. *See In re Bender*, 586 F.3d at 1165; *Saxman v. Educ. Credit Mgmt. Corp. (In re Saxman)*, 325 F.3d 1168, 1172 (9th Cir. 2003). Second, our consideration will not aid judicial efficiency by disposing of the proceedings or otherwise aiding the bankruptcy court in reaching its disposition on remand. *See Bonner Mall P'ship v. U.S. Bancorp Mortgage Co. (In re Bonner Mall P'Ship)*, 2 F.3d 899, 904 (9th Cir. 1993). Third, the bankruptcy court has not yet had the opportunity to exercise its factfinding power and value the claims at issue; by dismissing the appeal, we avoid addressing the legal questions on an underdeveloped record. *See In re Bender*, 586 F.3d at 1166. Finally, "neither party has argued that immediate appellate review would prevent irreparable harm." *Id.*

**DISMISSED; appellee's motion for judicial notice is DENIED .**

3