**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: DATABASEUSA.COM LLC,

Debtor,

_____

INFOGROUP, INC.,

Appellant,

v.

DATABASEUSA.COM LLC; EVEREST GROUP LLC,

Appellees.

No. 22-15734

D.C. No. 2:20-cv-01925-JCM

MEMORANDUM[*]

In re: DATABASEUSA.COM LLC,

Debtor,

_____

DATABASEUSA.COM LLC,

Appellant,

v.

INFOGROUP, INC.,

No. 22-15856

D.C. No. 2:20-cv-01925-JCM

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellee,

and

EVEREST GROUP LLC,

Defendant.

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted April 21, 2023
San Francisco, California

Before:  VANDYKE and SANCHEZ, Circuit Judges, and S. MURPHY, III,** District Judge.

DatabaseUSA.com filed for Chapter 11 bankruptcy.  Infogroup, a creditor, moved in the bankruptcy court for authority to pursue avoidance claims on behalf of DatabaseUSA.com ("Authority Motion").  The bankruptcy court denied the motion, and Infogroup appealed.  Despite the bankruptcy court's order, Infogroup filed an adversary complaint to preserve its claims before the limitations period expired.  DatabaseUSA.com then moved for sanctions against Infogroup for violating the bankruptcy court's order.  The bankruptcy court granted the sanctions motion and ordered Infogroup to dismiss its adversary complaint and to pay

---

** The Honorable Stephen Joseph Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

attorney's fees to DatabaseUSA.com. Infogroup appealed the sanctions. The district court remanded the bankruptcy court's order denying Infogroup's Authority Motion for further factfinding on a demand futility issue and dismissed the appeal from the award of sanctions for lack of jurisdiction. Infogroup and DatabaseUSA.com now cross-appeal those rulings. For the reasons below, we hold that the court lacks jurisdiction to review the district court's order.

Under 28 U.S.C. § 158(d)(1), "courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered" by district courts, which hear appeals from the bankruptcy courts. And when a district court "remands for factual determinations on a central issue, its order is not final and we lack jurisdiction to review the order." *In re Vylene Enters., Inc.*, 968 F.2d 887, 895 (9th Cir. 1992) (citations omitted). "[W]hen an appeal is taken from a district court . . . ruling that remands the case for further proceedings in the bankruptcy court," we apply "a four-factor test" to decide whether we should nonetheless exercise jurisdiction over the matter, considering: "(1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) the systemic interest in preserving the bankruptcy court's role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm." *In re Gugliuzza*, 852 F.3d 884, 894 (9th Cir. 2017) (citation omitted).

All four factors weigh against exercising jurisdiction over the district court's

nonfinal order. As to the first two factors, review of the district court's remand of the Authority Motion would result in piecemeal litigation and judicial inefficiency. The district court remanded the Authority Motion to the bankruptcy court for further factfinding on the issue of demand futility. But neither the bankruptcy court nor the district court made factual findings on certain elements relevant to that issue. Even if we were to review the demand futility issue, we would still have to remand for the bankruptcy court to decide the other elements in the first instance.

As to the third factor, the bankruptcy court is better situated to decide demand futility and the remaining elements in the first instance. Indeed, the bankruptcy court held a four-day evidentiary hearing on the Authority Motion. Partial transcripts are in the record, but the bankruptcy court that presided over the hearing is better situated to determine the issue. *See Towers v. Iger*, 912 F.3d 523, 528 (9th Cir. 2018) ("[D]emand futility must be decided by the trial court on a case-by-case basis and not by any rote and inelastic criteria.") (internal quotation marks and citation omitted).

And under the last factor, we are unconvinced that Infogroup will be irreparably harmed without immediate appellate review. The district court instructed the bankruptcy court to "determine whether cause exists to toll the statute of limitations to permit Infogroup to file the adversary complaint" if it finds "on

4

remand that Infogroup can pursue the derivative actions." Thus, any harm to Infogroup caused by the limitations period could be cured by the courts below.

In sum, all four factors disfavor exercising jurisdiction over the district court's order, and we will dismiss the cross-appeals relating to the Authority Motion for lack of jurisdiction under 28 U.S.C. § 158(d)(1).

We dismiss the appeal of the sanctions orders for lack of jurisdiction because the district court did not issue a final decision regarding sanctions. The district court found that it lacked jurisdiction over the sanctions appeals because they concerned nonfinal orders of the bankruptcy court. Accordingly, this court has no decision from the district court to review.[1] And because the issue of sanctions may be affected by the resolution of the Authority Motion, a decision on the merits of the sanctions orders would be premature.

The cross-appeals of the district court's order as to the Authority Motion and the sanctions orders are **DISMISSED** for lack of jurisdiction under 28 U.S.C. § 158(d)(1).

---

[1] Because we lack jurisdiction over the district court's order, we do not decide here whether the district court correctly found that it lacked jurisdiction over the sanctions orders.